UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSE LOPEZ and GUADALUPE LOPEZ, | § § § § | |
| *Plaintiffs*, | § § | CIVIL ACTION NO. _____ |
| vs. | § § § | |
| OVINTIV USA INC. f/k/a ENCANA OIL & GAS (USA) INC. | § § § | |
| *Defendant.* | § § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE

Defendant, Ovintiv USA Inc. f/k/a Encana Oil & Gas (USA) Inc. ("Ovintiv"), hereby provides notice of removal of this action, from the 81st Judicial District Court of Karnes County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, pursuant to Sections 1332, 1441, and 1446 of the United States Code, stating the following as grounds for removal:

### I.  BRIEF STATEMENT OF NOTICE

1.  This is a civil dispute arising out of the alleged injuries Plaintiff, Jose Lopez, purportedly suffered when he fell off of a workover rig platform at a wellsite. Plaintiff claims to have suffered injuries as a result of the accident and brings a cause of action against Defendant for negligence and premises liability. Mr. Lopez's wife, Guadalupe Lopez, also brought claims against Defendant for loss of consortium. Plaintiffs seek monetary relief in excess of $1,000,00.00.

2.  Plaintiffs are citizens of the State of Texas and reside in Texas. Defendant Ovintiv is foreign for-profit corporation organized under the laws of the State of Delaware. Ovintiv's principal

place of business is located in Denver, Colorado.  A corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 88-89 (2005).  Thus, Defendant is a citizen of Delaware and Colorado for purposes of diversity jurisdiction.  Plaintiffs and Ovintiv are the only "parties" identified in Section II of the Petition.

3. Because there is complete diversity of citizenship between Plaintiffs on the one hand and Defendant on the other, and because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, jurisdiction is correctly vested in this Court.  *See Burden v. General Dynamics Corp.,* 60 F.3d 213, 220-221 (5th Cir. 1995).

## II.   PROCEDURAL BACKGROUND

4. Plaintiffs filed their Original Petition on March 26, 2020 in Cause No. 20-03-00061-CVK, styled *Jose Lopez and Guadalupe Lopez v. Ovintiv USA Inc. f/k/a Encana Oil & Gas (USA, Inc.),* in the 81st Judicial District Court of Karnes County, Texas (the "State Court Action").  Defendant agreed to accept service of Plaintiffs' Original Complaint and citation on March 26, 2020.

5. Defendant's Original Answer date is on or before April 20, 2020 at 10:00 a.m.  Defendant files this Notice of Removal within thirty (30) days after the date on which it agreed to accept service of a copy of Plaintiffs' Original Petition and citation.  Pursuant to 28 U.S.C. § 1446(b), Defendant's Notice of Removal is timely.

## III.   BASIS FOR REMOVAL

**A.   There is complete diversity between Plaintiffs and Defendant.**

6. Diversity jurisdiction is present when all parties on one side of action are citizens of different states than the parties on other side.  *See* 28 U.S.C. § 1332(a); *Getty Oil Corp., a Div. of Texaco, Inc. v. Insur. Co. of N.A.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

7. Here, Plaintiffs have alleged that they are citizens of Texas. Pl.'s Orig. Compl. ¶ 2.1-2.2. Defendant, Ovintiv, has its principal place of business at 370 17th Street, Suite 1700, Denver Colorado 80202.

8. Defendant is a for-profit corporation organized under the laws of the State of Delaware. It had its principal offices in Colorado at the time the State Court Action was filed and at the time of the filing of this Notice of Removal. Therefore, Defendant is not a citizen of the State of Texas for purposes of federal diversity jurisdiction and complete diversity of citizenship exists in this action. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states.").

**B.     The amount in controversy exceeds $75,000.00.**

9. To establish federal diversity jurisdiction, the removing party must show that the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). The amount in controversy is determined by the amount sought on the face of the state court petition, so long as the claim is made in good faith. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

10. Here, the face of Plaintiffs' complaint makes clear that Plaintiffs seek damages in excess of $1,000,000.00. Pl.'s Orig. Compl. ¶ 3.2. Because the amount in controversy is in excess of $75,000.00, this case is properly removable to federal court. 28 U.S.C. § 1332(a)

## IV.   PROCEDURAL REQUIREMENTS

1. This action is properly removed to this Court as the State Court Action is pending within this district and division. *See* 28 U.S.C. §§ 1441 and 1446(a). The following documents are attached to this Notice of Removal for the convenience of the Court:

   i. Exhibit A – The docket sheet in the State Court Action;

   ii. Exhibit B – Plaintiffs' Original Petition filed in the State Court Action (Exhibit B-1) and Defendant's Answer filed in the State Court Action (Exhibit B-2);

   iii. Exhibit C – A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

   iv. Exhibit D – An index of matters being filed.

11. Pursuant to 28 U.S.C. § 1446(d), Defendant is simultaneously filing a copy of this Notice of Removal in the 81st Judicial District Court of Karnes County, Texas. A copy of the Notice of Removal to be filed in the State Court Action is attached hereto as Exhibit E.

## V.   CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant removes this action from the 81st Judicial District Court of Karnes County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the case as provided by the law.

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**

*/s/ Mary E. Frazier*
Jeffrey S. Davis
Texas State Bar:  00783936
Mary E. Frazier
Texas State Bar:  24054592
600 Travis Street, Suite 4800
Houston, TX 77002
Telephone: 713.576.0300
Facsimile: 713.576.0301
jsdavis@bradley.com
mfrazier@bradley.com

**ATTORNEYS FOR DEFENDANT, OVINTIV USA INC. f/k/a ENCANA OIL & GAS (USA) INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document was served on the following counsel of record by e-service in accordance with the ECF system on this 17th day of April, 2020:

Erin J. Rogiers
State Bar No. 24083597
Mikal C. Watts
State Bar No. 20981820
**WATTS GUERRA, LLP**
4 Dominion Dr.
Bldg. 3, Ste. 100
San Antonio, Texas 78205
Telephone: (210) 447-0500
Facsimile: (210) 447-0501
erogiers@wattsguerra.com
mcwatts@wattsguerra.com

Gregory Gowan
State Bar No. 00795384
**GOWAN ELIZONDO, LLP**
555 N. Carancahua Street, Suite 1400
Corpus Christi, Texas 78401
Telephone: (361) 651-1000
Facsimile: (361) 651-1001
ggowan@gelawfirm.com

**ATTORNEYS FOR PLAINTIFFS**

/s/ *Mary E. Frazier*
Mary E. Frazier